UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNNAMED EMPLOYEES OF THE LOCAL SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01513 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

　　　　Steven Whitfield seeks to proceed *pro se* and *in forma pauperis* for a claim of negligence under the Federal Tort Claim Act, Title 28 U.S.C. §§ 2401, 2672, and 2675 again an unidentified employee of the Social Security Administration. (Doc. 1)  For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  However, because the facts alleged are insufficient to support a claim for negligence, the complaint is **DISMISSED** with leave to amend.

**I.      Motion to proceed in forma pauperis**

　　　　The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court has reviewed Plaintiff's application and finds he satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and must dismiss the case if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend to the extent the plaintiff can cure the deficiencies found in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Factual Allegations and Background

Plaintiff asserts that he entered into a contract with Ginger Patterson to be an "appointed non-attorney representative" for Ms. Patterson related to her application for Social Security benefits. (Doc. 1 at 2) In the claim for damages Plaintiff presented to the Social Security Administration, he reported Ms. Patterson initially filed an application while residing in Daly City, after which she moved to Bakersfield, where she met Plaintiff through mutual friends. (*Id.* at 5) Plaintiff asserts Ms. Patterson "requested that [he] represent her before the SSA in connection with her claim." (*Id.*) According to Plaintiff, he then "prepared the required SSA 1696 Form and Contractual Fee Agreement," which Ms. Patterson signed, and submitted them to the SSA Office. (*Id.*)

Plaintiff asserts an SSA employee "assured Plaintiff that the aforesaid documents would be properly transmitted by them to the appropriate (SSA) in Daly City, California." (Doc. 1 at 3) However, he asserts the SSA "negligently mishandle[ed]" the documents he submitted in connection with Ms. Patterson's claim. (*Id.* at 2) Plaintiff contends the SSA employee "owed plaintiff a duty existing regulations, policies, [and] laws established by the (SSA)." (*Id.*)

After Ms. Patterson's Title II application was granted, Plaintiff contends the "representation fees … were wrongly paid to an attorney who was unauthorized to get it." (Doc. 1 at 5) He alleges the

attorney "had not properly executed (SSA) mandatory forms establishing representation" for Ms. Patterson. (*Id.* at 3)  As a result, Plaintiff contends he suffered a loss of a $900 fee award in connection with Ms. Patterson's Title II claim. (*Id.*)

**V.      Federal Tort Claims Act**

Although Plaintiff in this case has sued an individual, defendant is an employee of the Social Security Administration.  Under the Federal Tort Claims Act,

> [t]he remedy against the United States provided by [28 U.S.C. §§] 1346(b) and 2672 … for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

28 U.S.C. § 2679(b)(1).  The FTCA governs "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  In other words, a tort action against a federal employee acting within the scope of his employment must be brought against the United States if a private person could be held liable for the same type of conduct under California law.

As an agent of the Social Security Administration, the defendant falls within the definition of an "employee of the government."[1]  As a result, the employee is not a proper defendant, and instead the United States should be identified as the defendant.

**VI.     Discussion and Analysis**

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff."  *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666, 673 (1993) [disapproved on another ground in *Reid v. Google, Inc.*, 50 Cal.4th 512, 527, fn. 5 (2010)].

---

[1] "Employee of the government" is defined, in relevant part, as "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . . ." 28 U.S.C. § 2671.

As an initial matter, Plaintiff fails to identify a specific duty owed to him by an employee of the Social Security Administration.  In addition, Plaintiff fails to allege facts sufficient to support a conclusion that he was qualified as a non-attorney representative and entitled to payment by the Social Security Administration.  To be qualified, the prospective representative must have completed a bachelor's degree from an accredited institution or the Commissioner has determined he/she has equivalent qualifications due to training and experience, he/she has passed an examination administered by the Commissioner to verify the knowledge of the relevant provisions of social security law, he/she has professional liability insurance or its equivalent, has undergone a criminal background check to verify the his/her fitness to act as a representative and engages in ongoing education classes. *See* 42 U.S.C. § 406(e)(2); Social Security Disability Applicants' Access to Professional Representation Act of 2010 (PRA), Public Law No. 111-142.  Further, it is not clear whether Ms. Patterson also hired an attorney to represent her with the application, or whether she filed request with the SSA to replace Plaintiff with an attorney.  Consequently, Plaintiff fails to allege facts supporting the conclusion that his damages were caused by an action of the SSA.

## VII.    Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable claim for negligence.  However, it is not clear whether the factual deficiencies may be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v.*

*Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  If Plaintiff fails to allege facts supporting his claim for negligence in an amended complaint, the Court will find he is unable to do so.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**<u>If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order</u>**.

IT IS SO ORDERED.

Dated:   **November 21, 2016**         /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE